IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-19-DWD |
| | ) |
| UNITED STATES OF AMERICA and | ) |
| MATTHEW URBAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This is a personal injury case in which Plaintiff Michael Cooper claims that Defendant Matthew Urban negligently caused a collision between their vehicles. Cooper claims that he suffered severe injuries and property damage from the collision. He also claims that Urban was acting within the scope of his employment by the Defendant United States of America at the time. Urban has filed an answer to the complaint in which he admits he was acting as a federal employee at the time of the collision. (Doc. 21 at 1). The United States has also filed an answer to the complaint in which it denies that Urban was acting within the scope of his employment at the time of the collision. (Doc. 19 at 2).

Now before the Court is the parties' joint motion to stay. (Doc. 25). The parties agree that the Federal Tort Claims Act ("FTCA") is the only means by which Cooper may recover against the United States. (Doc. 25 at 1). The FTCA provides that if the United States refuses to certify that an employee was acting within the scope of his office or employment, "the employee may at any time before trial petition the court to find and

certify that the employee was acting within the scope of his office or employment." 28 U.S.C. § 2679(d)(3). Because the defendants dispute this question, the parties have asked the Court to stay all current deadlines and permit them to engage in limited discovery and motion practice to resolve this threshold question.

The Court finds that the parties' motion best serves their interests and the interests of judicial economy. *See Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Accordingly, the parties' joint motion to stay (Doc. 25) is **GRANTED**, and the Court **STAYS** this action until it resolves the question of the scope of Urban's employment. To that end, it is **ORDERED** that the parties shall engage in limited discovery and motion practice as follows:

1. On or before **June 1, 2022**, the parties shall serve initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

2. On or before **June 15, 2022**, Defendants shall serve written discovery on one another solely as relates to the issue of Urban's scope of employment. Such discovery is limited to eight interrogatories and eight requests for production per defendant.

3. On or before **August 15, 2022**, Defendants shall file any dispositive motions relating to the issue of Urban's scope of employment. Any subsequent briefing shall follow the Court's Local Rules.

4. The parties shall not conduct discovery on the merits of Cooper's claim

until the issue of Urban's scope of employment is resolved.

**SO ORDERED.**

Dated: May 5, 2022

_____

DAVID W. DUGAN
United States District Judge